UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUANITA OMORUYI, individually and on behalf of all other similarly situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | No. |
| v. | ) ) ) | |
| GUARANTEED RATE, INC., | ) ) | |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff, JUANITA OMORUYI ("Plaintiff"), brings this action on behalf of herself and all others similarly situated through her attorneys and against GUARANTEED RATE ("Defendant"), and alleges the following information upon information and belief, except for allegations pertaining to Plaintiff or her attorneys, which are based upon personal knowledge:

## INTRODUCTION

1. The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1), establishes minimum wage, overtime pay, recordkeeping, and youth employment standards affecting employees in the private sector and in Federal, State, and local governments. Plaintiff brings this action on behalf of herself and all others similarly situated against Defendant for failing to properly compensate employees for overtime hours worked.

2. Defendant's failure to properly compensate employees for overtime is a violation of law.

## PARTIES

3. Plaintiff is a citizen of the State of Illinois and a resident of Cook County, Illinois.

4. On information and belief, Defendant, Guaranteed Rate, is a nationwide mortgage lender incorporated in the State of Delaware with its principle place of business in Chicago, Illinois. Guaranteed Rate does business in 39 states and the District of Columbia.

## JURISDICTION AND VENUE

5. This action is within the original jurisdiction of this Court by virtue of being brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1).

6. Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because Plaintiff is domiciled in this district, Defendant does business in this district, and a substantial part of the events and conduct giving rise to the violations of law complained of herein occurred in or emanated from this district.

## FACTS

7. Defendant offers mortgage lending services.

8. Defendant employs loan officers to assist in offering mortgage lending services.

## PLAINTIFF'S FACTS

9. Plaintiff was employed by Defendant from July 2007 to January 2008 as a loan officer. Plaintiff's workplace was located within one of Defendant's office locations.

10. Plaintiff did not have a salary.

11. Plaintiff's income was based entirely on commission from sales.

12. As such, Plaintiff routinely worked 60-80 hours per week to complete the necessary sales and follow up on sales leads the company required her to purchase.

13. Plaintiff was not paid any overtime for working more than 40 hours in a week.

## CLASS ALLEGATIONS

14. This action has been brought and may be properly maintained under Federal Rules of Civil Procedure 23(a)(1)-(4), 23(b)(3).

15. Plaintiff brings this action as a class action on behalf of herself and all others similarly situated nationwide as members of the Class, initially defined as "all current and former loan officers of Guaranteed Rate who worked more than 40 hours in any one week during their employment and were not compensated with overtime pay."

16. Excluded from the Classes are Defendant, any entity in which Defendant has a controlling interest, any officers or directors of Defendant, the legal representatives, heirs, successors, and assigns of Defendant, and any Judge assigned to this action, and his or her family.

17. This action is brought and may properly be maintained as a class action pursuant to Federal Rule 23. This action satisfies the numerosity, predominance, typicality, adequacy, and/or superiority requirements of those provisions.

18. **Numerosity/Impracticality of Joinder:** The members of the Classes are so numerous that joinder of all Class members is impracticable. The precise number of Class members and their addresses are unknown to Plaintiff, but can be obtained from

Defendant's records. Class Members may be notified of the pendency of this action by first-class or electronic mail, supplemented (if deemed necessary or appropriate by the Court) by published notice.

19. **Commonality and Predominance:** There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from one Class member to another, and which may be determined without reference to the individual circumstances of any Class member, include, but are not limited to the following:

    a. Whether Defendant has a practice of failing to compensate non-exempt employees for overtime work;

    b. Whether Plaintiff and Class members are entitled to damages, restitution, injunctive relief and declaratory relief.

20. **Typicality of Claims:** Plaintiff's claims are typical of the claims of the Classes because Plaintiff and all Class members were injured by the same wrongful practices. Plaintiff and the members of the Classes are all individuals who worked for Defendant and were not correctly compensated for overtime hours.

21. **Adequacy of Representation:** Plaintiff is an adequate representative of the Classes because her interests do not conflict with the interest of the members of the Classes she seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to vigorously prosecute this action. The interest of members of the Classes will be fairly and adequately protected by Plaintiff and her counsel.

22. **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. The likelihood of individual Class members prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the Classes would be proper.

23. Plaintiff envisions no difficulty in the management of this action as a class action.

## COUNT I – FAIR LABOR STANDARDS ACT

24. Plaintiff repeats and re-alleges the preceding paragraphs as if alleged herein and brings this Count I pursuant to the FLSA.

25. Under the FLSA, employers such as Defendant are required to compensate qualifying employees for work time beyond forty hours in a week at a rate of not less than one and one-half times their regular rate of pay.

26. Defendant's policies of not paying overtime to Plaintiff and the Class when employees worked more than a forty-hour week violate the FLSA's provisions regarding overtime.

27. Defendant failed to properly compensate Plaintiff and the Class for the actual time they worked.

28. By virtue of the Defendant's unlawful failure and refusal to pay Plaintiff's and the Class members' earned overtime wages in violation of the FLSA, Plaintiff and the Class members have been damaged and have lost wages due to them in amounts to be proven at trial.

WHEREFORE, Plaintiff, individually and as a representative of the Class, prays for judgment in her favor and against Defendant as follows:

(a) That the Court find this case may be properly maintained as a collective action, conditionally certifying this matter for collective proceedings;

(b) That the Court find that the Defendant's conduct with respect to Plaintiff and those similarly situated violates the FLSA;

(c) That the Court award the full amount of wages due for all overtime hours worked, and an equal amount in liquidated damages plus prejudgment interest to each similarly situated employee who files a written consent to join in this action;

(d) That the Court award Plaintiff and other similarly situated employees their attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

(e) That the Court award such other and further relief as the Court may deem just and appropriate, including prospective injunctive relief.

## COUNT II – UNJUST ENRICHMENT

29. Plaintiff repeats and realleges the preceding paragraphs as if alleged herein, and brings Count II rooted in violation of the FLSA and the Illinois Wage Payment and Collection Act ("IWPCA") 820 ILCS §115/9.

30. Defendant's practice of failing to pay overtime wages as mandated violates the law and public policy.

31. Defendant was unjustly enriched as a result of its wrongful conduct when it collected and kept for itself wages and interest that Plaintiff and the Class members

earned and are rightfully owed, and Defendant possesses said monies which belong to Plaintiff and the Class members.

33. Defendant's retention of monies due to the Plaintiff and the Class members violates fundamental principles of justice, equity, and good conscience.

33. As a result, Plaintiff and the Class members each have been damaged and/or are due restitution in an amount to be proven at trial.

WHEREFORE, Plaintiff, individually and as representative of a Class, prays for judgment in her favor and against Defendant as follows:

(a) That the Court find this case may be properly maintained as a class action, that the Court appoint Plaintiff as representative of the Class, and that the Court appoint Plaintiff's counsel as Class counsel;

(b) That the Court find that the Defendant is unjustly enriched by virtue of its conduct as alleged herein;

(c) That the Court award damages and/or restitution to Plaintiff and the Class members;

(d) That the Court award Plaintiff and the other members of the Class attorneys' fees and costs; and

(e) That the Court award such other and further relief as the Court may deem just and appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment on behalf of herself and the proposed Class as follows:

A. For an order conditionally certifying this matter for collective action pursuant to the provision of the FLSA;

B. For an order certifying the proposed Class herein under the 735 ILCS 5/2-801 and appointing Plaintiff and Plaintiff's counsel of record to represent said Class;

C. For an order requiring Defendant to end its practice of failing to pay required overtime.

D. For an order awarding restitution to Class members who are owed overtime pay.

E. For an order awarding Plaintiff and the Class members compensatory and punitive damages against Defendant, in an amount to be determined at trial, together with prejudgment interest at the maximum rate allowable by law; and

F. For an order awarding the Plaintiff and the Class members the reasonable costs and expenses of suit, including attorneys' fees and filing fees.

Dated: October 11, 2010          By: _____
                                     One of Plaintiff's Attorneys


Richard J. Doherty
James M. Smith
Margaret E. Vincent
BOCK & HATCH, LLC
134 North La Salle Street, Suite 1000
Chicago, Illinois 60602
T: (312) 658-5500
F: (312) 658-5555

J. Mark Moore
H. Scott Leviant
Spiro Moss LLP
11377 West Olympic Boulevard, Fifth Floor
Los Angeles, California 90064
T: (310) 235-2468
F: (310) 235-2456