**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JUANITA OMORUYI, individually and on behalf of all other similarly situated persons, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | No. 10-cv-6928 |
| | ) | |
| v. | ) | Judge Amy St. Eve |
| | ) | |
| GUARANTEED RATE, INC., | ) | Magistrate Geraldine Soat Brown |
| | ) | |
| Defendant. | ) | |

**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND
NOTICE TO THE SETTLEMENT CLASSES**

Plaintiffs Juanita Omoruyi and Michael Strange[1], individually and on behalf of themselves and all others similarly situated ("Plaintiffs") move this Court for Preliminary Approval of Proposed Settlement, Notice to the Settlement Classes and Conditional Settlement Class Certification on their claims that Defendant violated the Illinois Wage Payment and Collection Act, 820 ILCS §115/9 ("IWPCA"), the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1). ("FLSA") and was unjustly enriched by its conduct.

## I. INTRODUCTION

Plaintiffs have reached a Settlement Agreement ("Agreement", Appendix 1) to settle this case on a classwide basis with Defendant Guaranteed Rate, Inc. ("Defendant" or "Guaranteed Rate"). Plaintiffs and Defendant now wish to begin the settlement approval process outlined in the *Manual for Complex Litigation* (*Fourth*) §§ 21.632-21.635 (2004). They seek entry of an order:

---

[1] Michael Strange is the Plaintiff in *Strange v. Guaranteed Rate, Inc.*, No. 10 CH 46445 (Circuit Court of Cook County). Strange and Omoruyi desire to settle all claims in this action and have filed a Motion for Leave to file a Second Amended Complaint to add Strange and his state and common law claims to this action.[Dkt. 50] This Motion addresses the claims of both Omoruyi and Strange.

- Granting preliminary approval of the settlement;

- Certifying Classes for settlement purposes only and appointing Plaintiffs as the Class Representatives, and appointing Bock & Hatch, LLC and Spiro Moss, LLP as Class Counsel;

- Approving the parties' proposed form and method of giving Class Members notice of the action and proposed settlement;

- Directing that notice be given to Class Members in the proposed form and manner; and

- Setting a hearing within 90 days on whether the Court should grant final approval of the settlement, enter judgment, award attorneys' fees and expenses to Plaintiffs' counsel, and approve incentive awards to the Plaintiffs.

The settlement provides substantial benefits via a Settlement Fund established for the benefit of the Class members. A third-party Settlement Administrator will oversee the settlement claims process, monitored by Plaintiffs' counsel. Defendant will pay for the costs of Class Notice by first class mail and pay attorneys' fees and expenses and Plaintiffs' incentive awards if approved by the Court.

The proposed settlement is fair, adequate, and reasonable, addresses Plaintiffs' litigation objectives and falls within the range of possible outcomes suitable for final approval. The settlement was negotiated by lawyers experienced in complex and class action litigation who had the benefit of a mediation presided over by the Honorable Robert Boharic (Ret.) in Chicago, Illinois. For these reasons, the settlement enjoys a presumption of fairness and should be submitted to Class members for their reaction.

## II.     SUMMARY OF THE LITIGATION AND SETTLEMENT.

### A.     The Litigation.

This case was filed in this Court on October 27, 2010, asserting claims against Defendant under the FLSA and common law claims for unjust enrichment. *Strange v. Guaranteed Rate*, No. 10 CH 46445, was filed October 25, 2010, in the Circuit Court of Cook County asserting claims

against Defendant under the IWPCA and common law claims for unjust enrichment. Plaintiffs'

Motion for Leave to file a Second Amended Complaint was filed July 7, 2011, which seeks to

bring both sets of claims under this Court's jurisdiction in order to facilitate the settlement.

Plaintiffs allege that Defendant failed to properly compensate employees for overtime

and made unlawful deductions from employees' wages to cover "marketing costs." Plaintiffs

also allege that Defendant charged certain loan officers for information about potential customers

("leads"), treating these leads as a discretionary "benefit" to employees, rather than the cost of

doing business for Guaranteed Rate, which is a mortgage lender.

**B.      Settlement Discussions.**

Counsel for Plaintiffs and Defendant have engaged in extensive negotiations concerning

the possible settlement of all claims, including telephonic and in-person negotiation sessions.

The parties also agreed to a formal mediation process through ADR Systems of America

including a full-day, formal mediation held on March 8, 2011, under the guidance of the Hon.

Robert Boharic (Ret.).  At the conclusion of the mediation session, the parties agreed to and

signed a Memorandum of Understanding ("MOU"). Thereafter, over a period of several months,

the parties negotiated the specifics of the Agreement.

**C.      The Terms Of The Proposed Settlement.**

**1.      The Settlement Classes.**

Both settlement classes are comprised of current and former nonexempt Guaranteed Rate

employees who have worked as loan officers with the title Direct Mortgage Consultants or in

jobs with equivalent duties.  As to the FLSA claims, the Class consists of all qualifying

employees who work or have worked for Guaranteed Rate at any time during the period from

October 26, 2007 to the Notice Date.  As to state law claims, the Class consists of all qualifying

employees who work or have worked for Guaranteed Rate at any time during the period from June 1, 2007 to the Notice Date.

### 2. Relief Available To Class Members.

Defendant will create a settlement fund in the amount of $590,000 for the benefit of the Settlement Classes, including payment of all claims, costs of notice and administration, class representative incentive awards and attorneys' fees and costs. (App. 1 at IV(A)(1)(i-ii, v)). FLSA Settlement Class claimants will receive $50 for each four weeks of employment; State Law Class Claimants will receive $17 for each four week period of employment. (*Id*. at IV(B)(1)(i) and (ii)). Defendant will also adjust to zero all debts of current and former employees of Guaranteed Rate resulting from unpaid lead costs currently claimed as owed to Guaranteed Rate; this adjustment is valued at $150,000. (*Id*. at IV(A)(1)(iii)).

### a. Claim Fund And Zeroing Of Debt.

Defendant will create a settlement fund in the amount of $590,000 for the benefit of the Settlement Classes, including payment of all claims, costs of notice and administration, class representative incentive awards and attorneys' fees and costs. (App. 1 at IV(A)(1)(i-ii, v)). FLSA Settlement Class claimants will receive $50 for each four weeks of employment; State Law Class Claimants will receive $17 for each four week period of employment. (*Id*. at IV(B)(1)(i) and (ii)). Defendant will also adjust to zero all debts of current and former employees of Guaranteed Rate resulting from unpaid lead costs currently claimed as owed to Guaranteed Rate; this adjustment is valued at $150,000. (*Id*. at IV(A)(1)(iii)).

### b. Class Notice And Settlement Administration.

Plaintiffs have engaged in confirmatory discovery to evaluate the reasonableness of the proposed compromise of claims, which discovery has confirmed the belief of Plaintiffs' counsel

that the claims are meritorious and the relief provided to the class is far and adequate.

The parties agree to provide Notice to the Settlement Classes by first-class mail. (App. 1, at VIII(B)(1)). The parties further agree to the creation of a notice website. (*Id*. at VIII (B)(2)).

The Settlement allocates $50,000 to administration of the settlement, which shall include: (1) payment to a Settlement Administrator to oversee the dissemination of notice and claims; (2) costs relative to sending Notice to all Class Members by first-class mail and creating a website which will describe the settlement; (3) payment of employer payroll tax obligations; (4) cutting and distributing settlement checks to claiming Class Members; and (5) handling all settlement administration issues arising in the ordinary course of business. (*Id.* at VIII(B)(1) and VIII(B)(2)).

Class Members will have 30 days after the Court enters the Final Order and Judgment to submit their Claim Forms. (App. 1 at II(9)). Any checks that are not cashed within 90 days after mailing, including any checks returned as undeliverable, will become void, and the money from these checks will remain with Guaranteed Rate. (*Id*. at V(A)(3)(iv)).

### c. Opt-Out And Release Provisions.

Class Members will have 42 days from the date of Preliminary Approval to object or opt out of the Settlement. (App. 1 at IX(A) and IX(B)). Such elections must be made in writing, include the information outlined in the Agreement (*Id*. at IX(A)(1) and IX(B)(1)), and must be postmarked to Class Counsel and Guaranteed Rate's counsel on or before the 42nd day after Preliminary Approval is entered. (*Id*. at IX(A) and IX(B)).

Except for those Settlement Class Members who exclude themselves in compliance with the above dates, and except with respect to FLSA claims where no claim form is timely submitted, all Settlement Class Members will be bound by the final approval order, the judgment

and the releases set forth in the Agreement. (*Id*. at IX(B)(2)). Settlement Class Members will grant Guaranteed Rate a release as specified in the Agreement. *Id*. Only those Class Members who submit claims will release FLSA claims, consistent with the treatment of FLSA-based claims as "opt-in," rather than "opt-out," claims.

**d.      Incentive Awards And Attorneys' Fees And Expenses.**

Class Counsel will apply to the Court for (and Defendant will not oppose) a payment of $5,000 each to Juanita Omoruyi and Michael Strange in recognition of their role and participation as Named Plaintiffs and their release of claims. Class Counsel will apply to the Court for payment of no more than $200,000 in attorneys' fees and litigation costs.  Defendant will not oppose such a request. (App. 1 at IV(B)(3)).

**III.    PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT IS APPROPRIATE.**

**A.      The Settlement Of A Class Action Is Favored and Should Be Preliminarily Approved If It Falls Within The Range Of Reasonableness.**

The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigor of prolonged litigation.  *See Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation."); *Airline Stewards, Etc. v. American Airlines*, 573 F.2d 960, 963 (7th Cir. 1978) ("settlements are entered into because of 'the very uncertainties of outcome in litigation, as well as the avoidance of wasteful litigation and expense. . .'"); *see also Newberg on Class Actions* § 11.41 (*Fourth*) (2002) ("The compromise of complex litigation is encouraged by the courts and favored by public policy.").

Where, as here, the parties propose to resolve class action litigation through a Class-wide settlement, they must obtain the Court's approval.  *See* Fed. R. Civ. Proc. 23(e).  The typical process for approval of class action settlements is described in the *Manual*, §§ 21.632-.634.  The

steps are:

1. Preliminary approval of the proposed settlement at an informal hearing;
2. Dissemination of mailed and/or published notice of the settlement and fairness hearing to all affected Class members; and
3. A "formal fairness hearing," or final approval hearing, at which Class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented.

This procedure, commonly employed by federal courts, serves the dual function of safeguarding Class members' procedural due process rights and enabling the Court to fulfill its role as the guardian of the Class Members' interests. *See Newberg*, § 11.25 (quoting *Manual for Complex Litigation* (Second) (1985)). "Although such settlements must be approved by the district court, its inquiry is limited to the consideration of whether the proposed settlement is lawful, fair, reasonable, and adequate." *Isby*, 75 F.3d at 1196. "By definition, a fair settlement need not satisfy every concern of the plaintiff Class, but may fall anywhere within a broad range of upper and lower limits. '(T)he essence of settlement is compromise ... a solution somewhere between the two extremes.'" *Alliance To End Repression v. City of Chicago*, 561 F.Supp. 537, 548 (N.D. Ill. 1982).

At the outset, the settlement should be accorded a presumption of fairness. "A number of courts have held that it may be *presumed* that the agreement is fair and adequate where . . . a proposed settlement is the product of arm's-length negotiations, sufficient discovery has been taken to allow the parties and the court to act intelligently, and counsel involved are competent and experienced." *Goldsmith v. Technology Solutions Co*., No. 92 C 4374, 1995 WL 17009594, at *3 (N.D. Ill. Oct. 10, 1995).

By this motion, Plaintiffs ask that the Court take the first step in the settlement approval process and grant preliminary approval of the settlement. Plaintiffs further request that the Court

provisionally certify the proposed Classes. Provisional class certification is appropriate at the preliminary-approval stage where, as here, the proposed Classes have not previously been certified, and the Plaintiffs have created a record supporting the propriety of class certification. *See Newberg*, § 11.22. The practical purpose of provisional class certification is to facilitate dissemination of Notice to the Classes of the terms of the proposed settlement and the date and time of the final-approval hearing. *See id.* § 11.27.

>    **B.**    **The Proposed Settlement Negotiated By The Parties Enjoys A Presumption Of Fairness.**

A proposed settlement enjoys a presumption of fairness if the Court finds that "the settlement has been arrived at after arm's length negotiations . . . [t]here has been sufficient discovery taken to enable counsel and the court to act intelligently . . . [p]roponents of the settlement are counsel experienced in similar litigation . . . [and] the number of objectors or the interest they represent is not large*." Boggess v. Hogan,* 410 F.Supp. 433, 438 (N.D. Ill.1975); *Goldsmith*, 1995 WL 17009594, at *3.

Here, the settlement is presumed fair and falls within the range of possible approval. The settlement was reached through arm's-length bargaining including written proposals, telephone conferences, and a successful mediation. Attorneys for Plaintiffs and Defendant were present during these negotiations and extensively discussed the merits of the claims and defenses and the relief available to the Classes. After reaching a complete settlement agreement in principle, the parties turned their attention to completing confirmatory discovery, documenting the settlement and exchanging draft settlement agreements, forms of Notice of the settlement, and claim forms.

In negotiating the settlement, Plaintiffs had the benefit of attorneys who are highly experienced in complex litigation and familiar with the legal and factual issues of the case (See resumes of Class Counsel attached as Appendix 2). In Plaintiffs' counsels' view, the settlement

provides substantial benefits to the Classes, especially when considering, among other things, the attendant expense, risks, difficulties, delays, and uncertainties of litigation, trial, and post-trial proceedings.  On preliminary evaluation, the settlement here is presumptively fair and worthy of preliminary approval.

### C.      The Settlement Benefits Fall Within The Range Of Possible Recovery.

When determining whether a settlement is fair, reasonable, and adequate, the court should consider "the strength of plaintiffs' case compared to the amount of defendants' settlement offer, an assessment of the likely complexity, length and expense of the litigation, an evaluation of the amount of opposition to settlement among affected parties, the opinion of competent counsel, and the stage of the proceedings and the amount of discovery completed at the time of settlement." *Isby*, 75 F.3d at 1199.  The preliminary approval determination is not an ultimate determination of whether the settlement is fair, reasonable and adequate, however.  Rather, the court must determine "whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing."  *Gautreaux v. Pierce,* 690 F.2d 616, 621 n.3 (7th Cir. 1982).  This necessarily involves a preliminary determination of the settlement's fairness, reasonableness and adequacy.  *See Manual*, § 21.632.  If the court finds the settlement "within the range of possible approval," it should then order that the Classes be notified of the settlement and of a formal fairness hearing to be held on the question of settlement approval.  *See id.* at § 40.42 (model preliminary approval order).

Here, the settlement provides the Classes with substantial relief, without the delay and expenses of trial and post-trial proceedings.  The Classes are "similarly situated," under Section 216(b) of the FLSA and 820 ILCS § 115/9 because the Plaintiffs and Class Members were subject to common conduct relating to payment.  Second, that compensation accrued from a

contractual employment relationship.  Third, Plaintiffs allege that the compensation at issue was owed in accordance with their employment relationship with Defendant.

The Agreement is also fair in that it permits ready access to the Claim Fund for Class Members.  For Illinois Wage Payment and Collection Act claims under Rule 23, relief is presumptively available to all current and former nonexempt employees who worked at Guaranteed Rate at any time during the relevant time periods as listed in the Agreement and who do not submit a timely, completed Opt-Out Form. (App. 1 at II(43)). For FLSA claims, all current and former nonexempt employees who worked at Guaranteed Rate at any time during the relevant time periods as listed in the Agreement need only submit a timely Claim Form. *Id*.

If the parties did not agree to settle this case, litigation, including discovery, briefs and a trial, would be lengthy and expensive. The Classes would face the risk of arguments by Defendant regarding the dissimilarity of various claims asserted by Plaintiffs and putative Class Members, which, if successful, would mandate individual lawsuits by Class Members hoping to collect minimal amounts of damages accrued.  Even if the Classes obtained a judgment in their favor, an appeal would inevitably follow.  In light of these risks, the proposed settlement is a fair, reasonable and adequate compromise of the issues in dispute that provides meaningful relief to the Classes.

### IV. THE PROPOSED SETTLEMENT CLASSES SHOULD BE CERTIFIED FOR SETTLEMENT PURPOSES.

#### A. The Proposed Settlement Classes Meet The Requirements Of Rule 23(a) And 23(b)(3).

Before granting preliminary approval of a settlement, the Court should determine that the proposed Settlement Classes are proper classes for settlement purposes.  *See Amchem Prods. v. Windsor* 521 U.S. 591, 620 (1997); *Manual*, § 21.632.  The threshold task is to determine whether the proposed Settlement Classes satisfy Rule 23's requirements, applicable to all class

actions. The requirements are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *See Hernandez v. Gatto Indus. Platers*, No. 08 CV 2622, 2009 WL 1173327, at \*1 (N.D. Ill. April 28, 2009).

Additionally, the action must be maintainable under Fed. R. Civ. P. 23(b)(1), (2), or (3). In certifying Settlement Classes, however, the Court is not required to determine whether the action, if tried, would present intractable management problems, "for the proposal is that there be no trial." *Amchem*, 521 U.S. at 620; s*ee also* Fed. R. Civ. P. 23(b)(3)(D). Here, the proposed Settlement Classes meet all of the requirements of Rule 23(a) and satisfy the requirements of Rule 23(b)(3).

### a. Numerosity.

"In order to prove numerosity, Plaintiff[s] must establish that the class is so large that 'joinder of all members is impractical.'" *Herkert v. MRC Receivables Corp.*, 254 F.R.D. 344, 348 (N.D. Ill. 2008). With approximately 232 members in the Classes, individual joinder is impracticable and the numerosity requirement is clearly satisfied.

### b. Commonality.

The proposed Settlement Classes also meet the commonality requirement of Rule 23(a). In *Wesley v. General Motors Acceptance Group* No. 91 C 3368, 1992 U.S. Dist. LEXIS 3594, at \*10 (N.D. Ill. 1992), the court described this requirement as a "hurdle easily surmounted." The requirement is met "if there are questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is also readily met, since Plaintiffs and Class Members all were subject to the same wage deduction and overtime pay practices employed by Guaranteed Rate. *See, e.g., Barragan v. Evanger's Dog and Cat Food Co., Inc.*, 259 F.R.D. at 330, 333 (N.D. Ill. 2009) (finding commonality where Class members' claims arose out of defendant's

failure to pay overtime or comply with relevant state and federal wage laws).

### c. Typicality And Adequacy.

Plaintiffs also meet the typicality and adequacy requirements. Like all other Class Members, Plaintiffs are current and/or former Guaranteed Rate employees. Omoruyi and Strange adequately represent the Classes since they have no individual interests or claims that are antagonistic to the Classes and have participated in informal discovery. *See, e.g., Herkert,* 254 F.R.D. 344 (Class representatives adequate if they hold an "understanding of basic facts underlying the claims" and demonstrate a "willingness and ability to participate in discovery"). Plaintiffs have also retained counsel with extensive experience in prosecuting Class actions and complex cases. (Appendix 2). Accordingly, the typicality and adequacy requirements are met.

### d. Rule 23(b)(3) Is Satisfied.

Finally, the proposed Settlement Classes meets the requirements of Rule 23(b)(3). To be certified under Rule 23(b)(3), Plaintiffs must show that "questions of law or fact common to the members of the class predominate over any questions affecting individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Parish v. Sheriff of Cook County*, No. 07 4369, 2008 WL 4812875, at *2 (N.D. Ill. Oct. 24, 2008) (quoting Fed.R.Civ.P. 23(b)(3)). There are questions of law and fact common to the Classes—specifically, Guaranteed Rate's pay practices—that predominate over any individual questions. This common issue predominates over individual issues presented in the case.

A class action is also superior to other methods available for the fair and efficient adjudication of this controversy. Members of the Classes are not likely to and do not have an interest or means to prosecute an individual case against Guaranteed Rate, a large and

sophisticated company with an abundance of resources.  Additionally, concerns of efficiency and economy tip the scales in favor of litigating the issues in one suit before this Court.

**B.      Nationwide Class Certification Is Appropriate for Settlement Purposes.**

It is appropriate to settle the claims of all Class Members in one action.  First, Class Members' FLSA claims arrived out of the same conduct and are all subject to the terms of a federal statute.  Second, Class Members' Illinois Wage Payment and Collection Act and common law claims arrived out of the same conduct – the charging of lead costs.

**C.      Certification Of An FLSA Opt-In Class Is Also Appropriate.**

The FLSA entitles employees, such as Plaintiff, to sue collectively on behalf of themselves and others who are "similarly situated" for unpaid overtime compensation.  The statute provides as follows:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. §216(b).

The United States Supreme Court has held that the district courts have discretion to facilitate Notice to potential class members.  *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165 (1989).  The Class Notice proposed here would accomplish that purpose.  Unlike a class action under FRCP 23, plaintiffs in an action under the FLSA must affirmatively "opt in" to participate in the litigation.  29 U.S.C. §216(b); *Hipp v. Liberty National Life Insurance Co*., 252 F.3d 1208, 1217 (11th Cir. 2001).  If an individual employee fails to opt in by filing a written consent, he or she will not be bound by the outcome and may bring a subsequent private action.  *EEOC v. Pan*

*Am World Airways, Inc.*, 897 F.2d 1499, 1508 n. 11 (9th Cir. 1990). The proposed Claim Form here would also accomplish the act of affirmatively "opting in" to this proposed settlement.

## V.     THE COURT SHOULD APPROVE THE PROPOSED FORM AND METHOD OF CLASS NOTICE.

### A.     Notice By First Class Mail is Sufficient When A Large, Nationwide Class is Present.

"Rule 23(e)(1)(B) requires the court to 'direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise,' regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)." *See Manual for Complex Litigation* at §§ 21.632, 21.633. In order to protect the rights of absent Class Members, the Court must provide the best notice practicable to Class Members. *See Phillips v. Petroleum Co. v. Shutts*, 472 U.S. 797, 811-812 (1985). Notice by first class mail is practical when the names and addresses of most of the Class Members are known. *See Manual for Complex Litigation* at §30.2111. Neither Rule 23 nor due process require receipt of actual notice by all Class Members, rather, notice should be mailed to the last known addresses of those who can be identified and publication used to notify others. Newberg, § 8.04 (citing *Manual for Complex Litigation* at § 30.211; *see also Mangone v. First USA Bank*, 206 F.R.D. 222, 231-232 (S.D. Ill. 2001).

Because the identities of the individual Settlement Class Members are known by Defendant, the parties propose Notice through first class mail. A Proposed Notice and Claim Form are attached to the Agreement as Exhibits A and B, respectively. Under the circumstances of the present case, this Notice is consistent with applicable law and avoids unnecessary expense that would otherwise diminish the amount of the money available to Class Members. The Court should find that the Class Notice complies with the notice requirements imposed by Rule 23.

**B.** **The Proposed Form Of Notice Adequately Informs Class Members Of Their Rights In This Litigation.**

In an action proceeding under Rule 23(b)(3), the notice must inform each Class member that "the court will exclude anyone from the class if he so requests [by a specified date]; the judgment will include all members who do not request exclusion and any member not requesting exclusion may, if he desires, enter an appearance through counsel." Fed. R. Civ. P. 23(c)(2).

Here, the proposed Notice clearly and accurately discloses the information material to a Class member's decision whether to accept, object to, or opt out of the settlement. (App. 1, Exhibit A). The proposed Notice provides information on the proposed Settlement Classes; the terms and provisions of the Agreement; the relief the settlement will provide; the date, time and place of the final approval hearing; and the procedures and deadlines for opting out of the settlement or submitting comments or objections. The Notice advises Class Members that Plaintiffs' attorneys will apply to the Court for incentive awards for the Named Plaintiffs and an award of fees and expenses in an amount not to exceed $200,000. (App. 1, Exhibit A).

The Notice is accurate and informs Class Members of the material terms of the settlement and their rights pertaining to it. The Court should approve the proposed form of Notice and direct that notice be given to the Classes as proposed by the parties.

**VI.    CONCLUSION**

For the foregoing reasons, the Court should grant preliminary approval of the proposed settlement. A proposed order will be separately provided per the standing order of this Court.

Dated: July 7, 2011                                  Respectfully submitted,

                                                     s/Margaret E. Vincent
                                                     One of Plaintiffs' Counsel

                                                     Richard J. Doherty
                                                     James M. Smith

15

Margaret E. Vincent
BOCK & HATCH, LLC.
134 N. La Salle Street, Suite 1000
Chicago, IL 60602
T: (312) 658-5500
F: (312) 658-5555

J. Mark Moore
H. Scott Leviant
Spiro Moss LLP
11377 West Olympic Boulevard, Fifth Floor
Los Angeles, California 90064
T: (310) 235-2468
F: (310) 235-2456