**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JUANITA OMORUYI and MICHAEL STRANGE, individually and on behalf of all other similarly situated persons, <br><br> Plaintiffs, <br> v. <br><br> GUARANTEED RATE, INC., <br><br> Defendant. | No. 10-cv-6928 <br><br> Judge Amy St. Eve |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND RELEASE, AND JUDGMENT OF DISMISSAL**

The Court, having considered Plaintiffs' Motion for Final Approval (the "Motion for Final Approval") of the Settlement (the "Settlement") of the above-captioned case (the "Action") brought by Plaintiffs Juanita Omoruyi and Michael Strange (collectively, the "Plaintiffs"), against Defendant Guaranteed Rate, Inc. ("Guaranteed Rate" or "Defendant"), pursuant to the Settlement Agreement and Release dated July 7, 2011 (the "Settlement Agreement"), having considered all of the submissions and arguments with respect to the Motion for Final Approval, and having held a Fairness Hearing on October 20, 2011, finds that:

1. Terms and phrases in this Final Judgment Order shall have the same meaning as ascribed to them in the Settlement Agreement and Release (the "Settlement Agreement"). In addition to any terms and phrases defined in the Settlement Agreement, the following terms and phrases shall have the meanings set forth below:

(a) Claims or Causes of Action: "Claims or Causes of Action" means any and all claims or causes of action of every kind and description, whether known or Unknown

1

Claims (including any causes of action in law, claims in equity, complaints, suits, or petitions) and any allegations of wrongdoing (including any assertions of liability debts, legal duties, torts, unfair or deceptive practices, statutory violations, contracts, agreements, obligations, promises, promissory estoppel, detrimental reliance, unjust enrichment, any claim for unlawful lead cost charges or deductions, failure to pay wages of any sort—whether commission-based wages, hourly wages, overtime wages, minimum wages salaries, or piece-rate pay) and any demands for legal, equitable or administrative relief (including any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs interest, or expenses) that have been or could have been asserted against the Released Parties in any of the Actions or in any other complaint, action, or litigation in any other court or forum based upon the facts and/or claims asserted in either of the Actions. With respect to claims arising under the Fair Labor Standards Act of 1932, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), only those Claimants, who have, by definition of their Claimant status, submitted timely Consents to Join, will release their FLSA claims.

(b) "Class Member" or "Settlement Class Member" means collectively (1) a person who falls within the definition of the State Settlement Class as set forth below and who has not submitted a valid Request for Exclusion, or (2) a person who falls within the definition of the FLSA Settlement Class as set forth below and who has affirmatively Opted-In to the Settlement. FLSA Settlement Class Members and State Settlement Class Members are, where appropriate, collectively referred to as Settlement Class Members.

(c) "Notice" means the Settlement Class Notice and Claim Form provided to the members of the Settlement Classes pursuant to the Court's Preliminary Approval Order.

(d) "Person" means any individual, corporation, trust, partnership, limited liability company, or other legal entity and their respective predecessors, successors, or assigns.

(e) "Released Conduct" means any and all direct or indirect acts, omissions, representations, conduct, legal duties, unjust enrichment, employment practices, or obligations that arise out of, or are related or connected in any way with one or more of the following: (1) Guaranteed Rate's payment of wages to current and former employees, (2) lead costs charged to current and former employees by Guaranteed Rate, (3) deductions made by Guaranteed Rate from current and former employees' compensation, and (4) Guaranteed Rate's compensation plans for its current and former employees.

(f) "Released Parties" means Guaranteed Rate and its current or former (whether direct or indirect) predecessors, successors, assigns, directors, officers, partners, principals, employees, agents, heirs, executors, administrators, reorganized successors, parents (whether direct or indirect), subsidiaries, divisions, related or affiliated entities (whether direct or indirect), authorized dealers, underwriters, issuers, insurers, co-insurers, re-insurers, licensees, joint ventures, attorneys, and controlling shareholders.

2. This Court has jurisdiction over the subject matter of this Action and over all Parties to the Action, including all members of the Settlement Classes.

3. On July 12, 2011, the Court granted preliminary approval of the Settlement Agreement and certified the Settlement Classes consisting of:

> **The FLSA Settlement Class**
> All loan officers with the title Direct Mortgage Consultant and employees with equivalent job duties who worked for Guaranteed Rate at any time between October 26, 2007, and the Notice Date;

and,

**The State Settlement Class**
All loan officers with the title Direct Mortgage Consultant and employees with equivalent job duties who worked for Guaranteed Rate at any time between June 1, 2007, and the Notice Date.

Excluded from the FLSA Settlement Class are: (a) all judges or arbitrators who have presided over this case and their spouses and anyone within three degrees of consanguinity from those judges and their spouses; (b) all persons who do not affirmatively opt-in to be part of the FLSA Settlement Class; and (c) all Persons who have previously executed and delivered to Guaranteed Rate a release of their Claims or Causes of Action.

Excluded from the State Settlement Class are: (a) all judges or arbitrators who have presided over this case and their spouses and anyone within three degrees of consanguinity from those judges and their spouses; (b) all Persons who validly and timely request exclusion from the State Settlement Class; and (c) all Persons who have previously executed and delivered to Guaranteed Rate a release of their Claims or Causes of Action.

4. Notice has been provided to the members of the Settlement Classes in accordance with the Court's Preliminary Approval Order, and the Notice Plan, which included direct notice via U.S. Mail, posting of the Notice and Claim form on the Settlement website and, where applicable, supplemental Notice pursuant to the Court Order of September 27, 2011, all of which fully complied with the requirements of Fed. R. Civ. P. 23 and due process, constituted the best notice practicable under the circumstances, and provided due and sufficient notice to all persons entitled to notice of the Settlement of this Action and Related Action.

5. Guaranteed Rate properly and timely notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005

("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendant's notices and accompanying materials, and finds that they complied with all applicable requirements of CAFA.

6.  The Settlement Agreement was arrived at as a result of arms' length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case and with the assistance of a neutral mediator, Judge Robert Boharic (ret.), and thus, is supported by Plaintiffs and Class Counsel.

7.  The Settlement as set forth in the Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Settlement Classes in light of the complexity, expense and duration of litigation and the risks involved in establishing liability and damages and in maintaining a class and collective action through trial and appeal. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth, and shall have the full force of an Order of this Court.

8.  The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Classes is reasonable, considering the facts and circumstances of the claims and defenses asserted in the Action and Related Action, and the potential risks and likelihood of success of alternatively pursuing trials on the merits.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

9.  The Settlement Agreement is finally approved as fair, reasonable, adequate and in the best interests of the Settlement Classes. The Parties are directed to consummate the Settlement Agreement in accordance with its terms. The Parties and the Class Members are bound by the terms and conditions of the Settlement Agreement. The Settlement Agreement and

every term and provision thereof shall be deemed incorporated herein as if explicitly set forth, and shall have the full force of an Order of this Court.

10. Pursuant to 29 U.S.C. § 207, the Court finally certifies, solely for purposes of the Settlement, the FLSA Settlement Class as follows:

> **The FLSA Settlement Class**
> All loan officers with the title Direct Mortgage Consultant and employees with equivalent job duties who worked for Guaranteed Rate at any time between October 26, 2007, and the Notice Date.

11. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finally certifies, solely for purposes of the Settlement, the State Settlement Class as follows:

> **The State Settlement Class**
> All loan officers with the title Direct Mortgage Consultant and employees with equivalent job duties who worked for Guaranteed Rate at any time between June 1, 2007, and the Notice Date.

12. The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes. The State Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the State Settlement Class; the claims of the Plaintiff Strange are typical of the claims of the State Settlement Class; Plaintiff Strange will fairly and adequately protect the interests of the State Settlement Class; and the questions of law or fact common to the members of the State Settlement Class predominate over any questions affecting only individual members.

13. The requirements of 29 U.S.C. § 216(b) have been satisfied for settlement purposes. Plaintiff Omoruyi is similarly situated to the members of the FLSA Settlement Class.

14. The preliminary appointment of the following attorneys as Class Counsel is hereby confirmed:

Richard J. Doherty
Bock & Hatch LLC
134 North LaSalle Street, Suite 1000
Chicago, Illinois 60602

J. Mark Moore
H. Scott Leviant
Spiro Moss LLP
11377 West Olympic Boulevard, Fifth Floor
Los Angeles, California 90064-1683

15. Class Counsel are experienced in class and collective action litigation, including litigation of similar claims in other cases, and have fairly and adequately represented the interests of the Settlement Classes.

16. The Action is hereby dismissed without prejudice and without costs. This dismissal without prejudice shall not allow the Parties or any Settlement Class Members to litigate or otherwise reopen issues resolved by this Judgment, or included within the Released Claims and Released Conduct, but is "without prejudice" so as to allow the Court to supervise the implementation and administration of the Settlement. This Judgment has been entered without any admission by Guaranteed Rate of liability or as to the merits of any allegations in the Complaint.

17. Plaintiff Strange is hereby Ordered to dismiss with prejudice and without costs the Related Action of *Strange v. Guaranteed Rate, Inc.*, No. 10 CH 46445 (Cir. Ct. Cook County, Ill.), within fourteen (14) days after the entry of this Final Judgment Order.

18. The Parties are directed to distribute the consideration to the Claimants in accordance with Section IV of the Settlement Agreement.

19. The Releasing Parties absolutely, unconditionally, and permanently release and forever discharge the Released Parties from any and all past, present and future Claims or Causes of Action that are based upon or related to, directly or indirectly, in whole or in part, (a) the

allegations, facts, subjects, or issues set forth or raised in the Action or Related Action, or (b) the Released Conduct.

20. The release in Section VII of the Settlement Agreement includes claims that are currently unknown to the Releasing Parties. The release in this Final Judgment Order and the Settlement Agreement fully, finally, and forever discharges all Released Claims, whether now asserted or unasserted, known or unknown, suspected or unsuspected, which now exist, or heretofore existed or may hereafter exist, which if known, might have affected their decision to enter into this release. Each Releasing Party shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of the United States, any state or territory of the United States, or any state or territory of any other country, or principle of common law or equity, which governs or limits a person's release of unknown claims. The Releasing Parties understand and acknowledge that they may hereafter discover facts in addition to or different from those that are currently known or believed to be true with respect to the subject matter of this release, but have agreed that they have taken that possibility into account in reaching this Settlement Agreement and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Releasing Parties expressly assume the risk, they fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. The foregoing waiver includes, without limitation, an express waiver, to the fullest extent not prohibited by law, by Plaintiffs, the Settlement Class Members, and all other Releasing Parties of any and all rights under California Civil Code Section 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

In addition, Plaintiffs, Settlement Class Members, and all other Releasing Parties also expressly waive any and all provisions, rights, and benefits conferred by any law or principle of common law or equity, that are similar, comparable, or equivalent, in whole or in part, to California Civil Code Section 1542.

21. Plaintiffs, Settlement Class members, and the Releasing Parties are permanently enjoined and barred from commencing or prosecuting any action asserting any of the Released Claims, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency, or other authority or forum wherever located ("Collateral Action"). The release of Claims or Causes of Action set forth in Paragraph 19 of this Final Judgment Order and Section VII of the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs, the Releasing Parties, and all Settlement Class Members. Any person or entity who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by the Released Party(ies) as a result of such violation; provided, however that such payment will not be required if the person or entity dismisses or withdraws with prejudice the Collateral Action within 10 (ten) days of receiving a copy of the Settlement Agreement and this Final Judgment Order.

22. Guaranteed Rate, to the extent it has not done so already, shall modify its employment agreements as follows: (a) employees that are covered by the FLSA will be explicitly notified that (1) they are not authorized to work overtime unless they receive prior,

written approval to do so from a supervisor, (2) they may be subject to disciplinary action in the event that they work overtime without prior authorization; (b) to the extent an employee works overtime hours, such employee will receive all earned overtime wages as contemplated by the FLSA, whether the overtime was approved or not; (c) Guaranteed Rate will alter (as necessary) the process by which it collects the costs of lead generation from employees to ensure its compliance with all applicable laws; and, (d) Guaranteed Rate will implement a procedure for the arbitration of employment disputes that may arise between any employee and Guaranteed Rate.

23. The Court awards to Class Counsel $200,000 as attorneys' fees and costs.

24. The Court awards to the Class Representatives $10,000 as a collective incentive award.

25. Without affecting the finality of this judgment, the Court retains exclusive jurisdiction of this Settlement, including without limitation issues concerning its administration and consummation. The Court also retains exclusive jurisdiction over Defendant, Plaintiffs, and Settlement Class Members regarding the Settlement Agreement and this Final Judgment Order. Defendant, Plaintiffs, and Settlement Class Members are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or relating to the Released Claims, this Final Judgment Order, and the Settlement Agreement, including, but not limited to, the applicability of the Released Claims, this Settlement Agreement, or this Final Judgment Order. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action

or otherwise raised as an objection, shall constitute a suit, action, or proceeding arising out of or relating to this Final Judgment Order. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

26. The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the Settlement Agreement, and this Final Judgment Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, Related Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendant has denied and continues to deny the claims asserted by Plaintiffs. Nothing contained herein shall be construed to prevent a party from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

27. The certification of the Settlement Classes shall be binding only with respect to the Settlement of the Action. In the event that the Settlement Agreement is terminated pursuant to its terms or the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Settlement Classes shall be

deemed vacated, the Action shall proceed as if the Settlement Classes had never been certified (including Defendants' right to oppose any subsequent motion for class certification), and no reference to the Settlement Classes, this Settlement Agreement, or any documents, communications, or negotiations related in any way hereto shall be made for any purpose.

28. Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Final Judgment Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement, the Court directs the Clerk to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b).

**IT IS SO ORDERED.**

Dated: October 20, 2011

_____
HONORABLE AMY J. ST. EVE
UNITED STATES DISTRICT JUDGE